IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| TRUSTEES OF THE NATIONAL AUTOMATIC SPRINKLER INDUSTRY WELFARE FUND, *et al.*, | *  *  |
| Plaintiffs, | *    Civil No. TDC-23-2148 |
| v. | * |
| CANYON FIRE PROTECTION LLC, *et al.*, | * |
| Defendants. | |

\*   \*   \*   \*   \*   \*   \*

## REPORT AND RECOMMENDATION

This Report and Recommendation addresses the Motion for Entry of Default Judgment ("Motion") (ECF No. 11) filed by Plaintiffs Trustees of the National Automatic Sprinkler Industry Welfare Fund, National Automatic Sprinkler Local 669 UA Education Fund, National Automatic Sprinkler Industry Pension Fund, Sprinkler Industry Supplemental Pension Fund, the International Training Fund, National Automatic Sprinkler Industry Metal Trades Pension Fund and Road Sprinkler Fitters Local Union 669 Work Assessments, Extended Benefit Fund and Industry Advancement Fund (collectively, the "Funds"). Defendants Canyon Fire Protection, LLC ("Canyon Fire"), Steven Roy Fouts, and Sherry Fouts have not responded, and the time for doing so has passed. *See* Loc. R. 105.2(a). On February 5, 2024, in accordance with 28 U.S.C. § 636 and pursuant to Local Rule 301.6(al), Judge Chuang referred this case to me for a report and recommendation on the Funds' Motion. ECF No. 17. I find that a hearing is unnecessary. *See* Fed. R. Civ. P. 55(b)(2); Loc. R. 105.6. For the reasons set forth below, I respectfully recommend that the Funds' Motion be granted.

## I. FACTUAL AND PROCEDURAL HISTORY

In this case, the Funds filed suit against Defendants under the Employee Retirement Security Act of 1974, as amended, ("ERISA"), 29 U.S.C. §§ 1132 and 1145, and Section 301 the Labor-Management Relations Act, 29 U.S.C. § 185(a), to recover amounts owed to the Funds under a Collective Bargaining Agreement ("CBA"). ECF No. 1. Defendants executed waivers of service on August 17, 2023, acknowledging that they had received copies of the complaint and agreed to waive service, but they did not file answers or responsive pleadings within the requisite time period. ECF Nos. 7, 8 & 9; *see* Fed. R. Civ. P. 4(d)(4). On December 20, 2023, the Funds moved for the Clerk's entry of default (ECF No. 10), and the Clerk entered default against Defendants on January 3, 2024. ECF Nos. 13, 14, 15 & 16. On December 20, 2023, the Funds filed the Motion, to which Defendants have not responded.[1] After the Motion was filed, the Court ordered the Funds to supplement the Motion on two occasions, and the Funds complied with the Court's orders. ECF Nos. 19, 20, 21 & 22.

## II. LEGAL ANALYSIS

### A. Standard for Entry of Default Judgment

In determining whether to award a default judgment, the Court accepts as true the well-pleaded factual allegations in the complaint as to liability. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780-81 (4th Cir. 2001); *United States ex rel. Durrett-Sheppard Steel Co. v. SEF Stainless Steel, Inc.*, No. RDB-11-2410, 2012 WL 2446151, at *1 (D. Md. June 26, 2012). Nonetheless, the Court must consider whether the unchallenged facts constitute a legitimate cause

---

[1] Pursuant to the Servicemembers' Civil Relief Act ("SCRA"), before the Court may enter a default judgment in favor of a plaintiff, the plaintiff must file an affidavit "stating whether or not the defendant is in military service and showing necessary facts to support the affidavit[.]" 50 U.S.C. § 3931(b)(1)(A). Consistent with the requirements of the SCRA, the Declaration of Charles W. Gilligan (ECF No. 11-2) states that Defendants are not in military service, are not members of the military reserves, and are not on active-duty status.

of action, since a party in default does not admit mere conclusions of law. *Ryan*, 253 F.3d at 780. Although the Fourth Circuit has a "strong policy that cases be decided on the merits," *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993), default judgment "is appropriate when the adversary process has been halted because of an essentially unresponsive party." *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005). If the Court determines that liability is established, the Court must then determine the appropriate amount of damages. *CGI Finance, Inc., v. Johnson*, No. ELH-12-1985, 2013 WL 1192353, at *1 (D. Md. March 21, 2013). The Court does not accept factual allegations regarding damages as true, but rather must make an independent determination regarding such allegations. *Durrett-Sheppard Steel Co.*, 2012 WL 2446151, at *1.

Rule 55 of the Federal Rules of Civil Procedure provides that "[i]f, after entry of default, the Plaintiff's Complaint does not specify a 'sum certain' amount of damages, the court may enter a default judgment against the defendant pursuant to Fed. R. Civ. P. 55(b)(2)." A plaintiff's assertion of a sum in a complaint does not make the sum "certain" unless the plaintiff claims liquidated damages; otherwise, the complaint must be supported by affidavit or documentary evidence. *United States v. Redden*, No. WDQ-09-2688, 2010 WL 2651607, at *2 (D. Md. June 30, 2012). Rule 55(b)(2) provides that "the court may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to . . . determine the amount of damages." The Court is not required to conduct an evidentiary hearing to determine damages and may rely on affidavits or documentary evidence in the record to determine the appropriate sum. *See, e.g.*, *Mongue v. Portofino Ristorante*, 751 F. Supp. 2d 789, 795 (D. Md. 2010).

### B.    Liability

ERISA provides that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained

3

agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145. ERISA further provides that employers who fail to make timely contributions are liable in a civil action for unpaid contributions, interest on the unpaid contributions, liquidated damages, reasonable attorney's fees and costs, and any other relief the Court deems appropriate. 29 U.S.C. § 1132(a), (g).

The following facts are taken from the Complaint (ECF No. 1), the Funds' Memorandum in support of their Motion (ECF No. 11-1), and the exhibits attached thereto. The Funds allege that they are multiemployer employee pension benefit plans within the meaning of 29 U.S.C. § 1002(3).(ECF No. 1 ¶ 2. The Funds are established and maintained pursuant to the provisions of Restated Agreements and Declarations of Trust and the CBA between Road Sprinkler Fitters and Apprentices Local Union No. 669 (the "Union") and Canyon Fire. *Id.*

On May 4, 2021, Canyon Fire entered into an Assent and Interim Agreement ("Agreement") binding it to the terms of a CBA with the Union, which required it to submit reports and pay contributions to the Funds for each hour of work performed by journeymen and apprentice sprinkler fitters employed by Canyon Fire through March 31, 2025. ECF No. 11-4. Steven Ray Fouts, Canyon Fire's "Member/President," signed the Agreement on behalf of Canyon Fire. The Agreement is filed at ECF No. 11-5. The CBA is filed at ECF No. 11-6.

By its Agreement, Canyon Fire agreed to comply with the CBA, which required it to pay the Funds certain sums of money for each hour worked by employees covered by the CBA. ECF No. 11-5 at 1. Canyon Fire also agreed to be bound by the Declarations of Trust ("Trust Agreements") establishing the Funds. *Id.* Among other things, the Trust Agreements provide that the Trustees of the Funds may adopt rules and procedures concerning payments to the Funds, audits, liquidated damages, and to enforce the collection of delinquent contributions. ECF No. 11-

<mark>4</mark>

4 at 2. Under the authority delegated to them by the Trust Agreements, the Trustees of the Funds adopted the Guidelines for Participation in the Sprinkler Industry Trust Funds ("Guidelines"). *Id.* A copy of the Guidelines was mailed to Canyon Fire, along with a letter explaining the purpose of the Guidelines. *Id.* Copies of the Guidelines and the letter explaining them are filed at ECF Nos. 11-13 and 11-14.

Canyon Fire employed certain employees who performed work covered by the CBA during the period of October 2021 through October 2023, but Canyon Fire was unable to make the required benefit contributions to the Funds. ECF No. 1 at 4. Because of Canyon Fire's financial difficulties, Canyon Fire and the Funds entered into a Settlement Agreement and Promissory Note ("Settlement Agreement"), which allowed for a systematic payment over time of all amounts owed to the Funds. *Id.* The Settlement Agreement required Canyon Fire to pay the Funds the principal amount of $236,329.50 in monthly installment payments over a period of 24 months. *Id.* The Settlement Agreement also required that Canyon Fire remain current on all future contributions to the Funds during of the 24-month period, and to file all monthly reports and payments on time as required by the Trust Agreements. *Id.* The Funds agreed to waive liquidated damages in the amount of $54,833.37, contingent upon Canyon Fire's compliance with the terms of the Settlement Agreement. *Id.* The Signed Settlement Agreement is filed at ECF No. 20-1.

If Canyon Fire did not comply with the Settlement Agreement, the Funds would have the right to declare the entire principal amount of the attached Promissory Note (ECF No. 20-1 at 8-10) unpaid, and seek to collect the full amount of the Promissory Note, plus liquidated damages. Defendants Steven Roy Fouts and Sherry Fouts agreed to be personally liable under the Settlement Agreement and Promissory Note. *Id.* at 4-5, 8-10.

5

Canyon Fire defaulted on the terms of the Settlement Agreement by failing to make the settlement payment due on July 22, 2023, and by failing to pay the contributions it owed to the Funds for May and June 2023. ECF No. 1 at 5. Because Canyon Fire breached the Settlement Agreement, the Funds are entitled to seek the unpaid principal set forth in the Promissory Note and liquidated damages.

Accepting as true the unchallenged allegations of the Complaint, along with the evidence that the Funds submitted in connection with their Motion (ECF No. 11) and the Supplement (ECF No. 21), the Funds have established Canyon Fire's liability for its failure to make the timely contributions required by the CBA and the Trust Agreements.

### C.   Damages

Having determined that the Funds have established Canyon Fire's liability, it is now appropriate to determine the damages to which the Funds are entitled. The damages the Funds seek in their Motion are appropriate under Rule 54(c) so long as "the record supports the damages requested." *See Laborers' Dist. Council Pension v. E.G.S., Inc.*, No. WDQ-09-3174, 2010 WL 1568595, at *3 (D. Md. Apr. 16, 2010). Here, the Funds have provided sufficient evidence to support their claim for damages in the amount of $810,155.28.

In support of their claim for damages, the Funds rely on the Declaration and Supplemental Declaration of Anna E. Bosmans, the Assistant Fund Administrator of the Funds. ECF Nos. 11-4 and 22-1. Ms. Bosmans states Canyon Fire made the first two settlement payments due under the Settlement Agreement, plus a partial settlement payment on July 22, 2023, which resulted in a principal balance under the Settlement Agreement of $209,688.85. ECF No. 22-1 at 3. Thereafter, Canyon Fire defaulted on its obligations on the Settlement Agreement. *Id.* It has failed to make any of the required settlement payments due from August 22, 2023, to the present. *Id.* And it has

failed to pay the contributions owed to the Funds for the months of June through October 2023. *Id.* Because Canyon Fire defaulted on its obligations under the Settlement Agreement, it owes the Funds the unpaid principal due under the agreement ($209,688.85) plus the liquidated damages ($54,833.37), which are reinstated under the terms of the Settlement Agreement. In total, Canyon Fire owes the Funds $264,522.22 for its breach of the Settlement Agreement.

After the Funds filed this lawsuit, Canyon Fire submitted a remittance report for June 2023. *Id.* The report reflected contributions owed to the Funds in the amount of $86,776.40. Canyon Fire paid only $1,136.00 to the Funds, resulting in a balance of contributions owed for June 2023 of $85,640.40. *Id.*

Canyon Fire failed to submit its reports and make its required contributions for the months of July 2023 through October 2023. *Id.* Under the Trust Agreements, when an employer is two or more months delinquent in making its required contributions and submitting its required reports of employees' hours worked, the Funds may project the delinquency amount using a formula. *See* ECF Nos. 11-8 at 23; 11-9 at 24; 11-10 at 23; 11-11 at 60; 11-12 at 23; and 22-1 at 4. Under this formula, the Funds may project the amount of the delinquency as the greater of

> (a) the average of the monthly payments or reports submitted by the Employer for the last three (3) months for which payments or reports were submitted, or (b) the average of the monthly payments or reports submitted by the Employer for the last twelve (12) months for which payments or reports were submitted.

*Id.* The last reports submitted by Canyon Fire to the Funds were for April 2023, May 2023, and June 2023. ECF No. 22-1 at 4. Taking the average contributions for these months, the Funds calculate a projected monthly delinquency of $90,953.46 for the months of July 2023 through October 2023. *Id.* at 5. In total, Canyon Fire owes estimated contributions of $363,814.24 for July 2023 through October 2023.

The Funds also seek an award of liquidated damages based on Canyon Fire's delinquent contributions. Under the CBA, liquidated damages are calculated as follows:

- If payment is not received in the Funds Office by the 15th of the month, 10% of the amount is assessed.
- An additional 5% is added if payment is not received in the Funds Office by the last working day of the month in which payment was due.
- An additional 5% is added if payment is not received by the 15th of the month following the month in which payment was due.

ECF Nos. 11-13 at 7 and 22-1 at 5.

The Funds calculate that Canyon Fire owes them liquidated damages in the amount of $80,240.53 for late contributions in the months of June 2023 through October 2023, the calculation of which is set forth at ECF No. 22-3. The Funds are also entitled to interest in the amount of $13,435.89. *Id.*; *see also* ECF Nos. 11-8 at 21, 34; 11-9 at 23, 36; 11-10 at 22; 11-11 at 27, 58; and 11-12 at 22, 34.

The Funds seek an award of attorney's fees and costs, which are available in ERISA cases, 29 U.S.C. §1132(g)(2), and which are also allowed under the Settlement Agreement. ECF No. 20-1 at 5 ("In the event of a lawsuit to enforce payment of the Promissory Note and/or the terms of the Agreement, Canyon Fire, Steven Roy Fouts and Sherry Fouts agree to be jointly and severally liable to pay costs and attorneys' fees.").

When a court enters judgment for the plaintiff in an ERISA action for a plan to recover unpaid contributions, it "shall award the plan . . . reasonable attorney's fees and costs of the action, to be paid by the defendant." *Id*. In calculating an award of attorney's fees, the court must determine the lodestar amount, defined as a "reasonable hourly rate multiplied by hours reasonably expended." *Grissom v. The Mills Corp.*, 549 F.3d 313, 320-21 (4th Cir. 2008). The Fourth Circuit has stated that a court's

discretion should be guided by the following twelve factors: (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009). In addition, Appendix B to this Court's Local Rules ("Rules and Guidelines for Determining Attorneys' Fees in Certain Cases") provides that lawyers admitted to the bar for twenty years or more may reasonably bill $300-475 per hour. Paralegals and law clerks may reasonably bill $95-150 per hour. These rates serve as guidelines in determining the reasonableness of hourly rates.

The Funds rely on the Declaration of Charles W. Gilligan to support their request for an award of attorney's fees and costs. ECF No. 11-15. Mr. Gilligan states that he has been a member of the bar since 1986. He charged an hourly rate of $360.00 for legal work and $150.00 for paralegal work. These rates are presumptively reasonable under Appendix B to the Local Rules and I find them to be reasonable here. Mr. Gilligan spent 12.25 hours working on this case, *see* ECF No. 11-16, which I find to be reasonable. The Funds also incurred $402.00 for the filing fee. ECF No. 11-17. I recommend that the Court award the Funds attorney's fees in the amount of $2,100.00 and costs in the amount of $402.00.

In summary, I recommend that the Court grant the Funds' Motion for Default Judgment (ECF No. 11), enter judgment in favor of the Funds and against Defendants Canyon Fire, Steven Ray Fouts, and Sherry Fouts, jointly and severally, and award $810,155.28 in damages to the Funds, plus interest at the rate of 12% *per annum* on the unpaid contributions through the date of payment, calculated as follows:

| | |
|---|---|
| $209,688.85 | Principal balance due under Settlement Agreement |
| $54,833.37 | Reinstated liquidated damages under Settlement Agreement |
| $85,640.40 | Delinquent contributions owed for June 2023 |
| $363,814.24 | Estimated delinquent contributions owed for July 2023 through October 2023 |
| $80,240.53 | Liquidated damages on delinquent contributions |
| $13,435.89 | Interest on delinquent contributions at a rate of 12% *per annum*, through December 26, 2023 |
| $2,100.00 | Attorney's fees |
| $402.00 | Costs |
| **$810,155.28** | **Total** |

III.  **CONCLUSION**

For the reasons set forth above, I recommend that the Court grant the Funds' Motion for Default Judgment (ECF No. 11), enter default judgment in favor of the Funds and against Defendants Canyon Fire Protection, LLC, Steven Roy Fouts and Sherry Fouts, and award damages to the Funds in the amount of $810,155.28, plus interest at the rate of 12% *per annum* on the unpaid contributions through the date of payment, against Defendants Canyon Fire Protection, LLC, Steven Roy Fouts and Sherry Fouts, jointly and severally.

The Clerk of Court shall mail a copy of this Report and Recommendation to Defendants Canyon Fire Protection, LLC, Steven Roy Fouts and Sherry Fouts.

Objections to this Report and Recommendation must be served and filed within 14 days, pursuant to Fed. R. Civ. P. 72(b) and Local Rule 301.5(b).

<u>April 11, 2024</u>                                                    _____/s/_____
Date                                                                Timothy J. Sullivan
                                                                    Chief United States Magistrate Judge